UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| AMADO GOMEZ, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:18-cv-606-SNLJ |
| JERRY BINGHAM, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Amado Gomez for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $14.90. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $17.86, and an average balance of $74.51. The Court will therefore assess an initial partial filing fee of $14.90, which is twenty percent of plaintiff's average monthly balance.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**Background**

Plaintiff initiated this civil action on April 5, 2018 by filing a letter containing a narrative about various topics. He neither paid the filing fee, nor sought leave to proceed *in forma pauperis*. He was directed to do so, and to file an amended complaint on a Court form. That order clearly stated that, for each defendant he named, plaintiff was required to allege facts showing how that defendant was personally responsible for causing harm. In addition, plaintiff was cautioned that his failure to sue a defendant in his individual capacity could result in the dismissal of his case against that defendant.

Plaintiff timely filed an amended complaint, which this Court now reviews pursuant to 28 U.S.C. § 1915(e)(2)(B).

## The Amended Complaint

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Jerry Bingham, Unknown Inman, Phillip Anderson, Ashley Downs, and Tim Brown. He states he sues Bingham in an official capacity. He also identifies as defendants "Eastern Reception Diagnostic and Correctional Center Staff and Guards," and states he sues them in an official capacity. He does not specify the capacity in which he sues Unknown Inman, Phillip Anderson, Ashley Downs, and Tim Brown. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995). The Court will therefore construe plaintiff's claims against Unknown Inman, Phillip Anderson, Ashley Downs, and Tim Brown as official-capacity claims.

Plaintiff states that he was falsely accused and falsely imprisoned and is still imprisoned. He states he was placed on suicide watch. He states he was banging his head on his bed asking to speak to Bingham, and a guard sprayed him with mace. He states he could not take a shower to wash it off, and had to use water from his sink. He states: "it start with them saying I was making alcohol. If they didn't lie I would not be in all this!" (Docket No. 3 at 4). In setting forth his injuries, he writes: "my mind has not been the same now I think all people lie just to bring the animal out of me!" *Id.* at 5.

He seeks damages in the amount of $800,000 "because they f*** up and they have to pay if they did their job right I would not have to be doing this is their fault." *Id.* at 6. He states: "this is for the inmates." He includes a detailed description of how he plans to spend the proceeds from this lawsuit. *Id.* at 7.

## Discussion

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Here, plaintiff has alleged no facts tending to show how any named defendant harmed him, despite being previously advised about the necessity of doing so. The Court concludes that the complaint fails to state a claim for relief against any named defendant, and will therefore dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B). *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

In addition, as noted above, plaintiff sues all of the defendants in an official capacity, despite being previously advised that his failure to sue a defendant in his or her individual capacity could result in the dismissal of his case against that defendant. The Court therefore construes plaintiff's claims against all of the named defendants as against the governmental entity that employs them, which in this case is apparently the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (Naming an official in his or her official capacity is the equivalent of naming the entity that employs the official); *see also Bankhead v. Knickrehm*, 360 F.3d 839, 844 (8th Cir. 2004). As plaintiff seeks only monetary relief, his claims against these State of Missouri actors are legally frivolous. *See Will*, 491 U.S. at 71. The complaint is subject to dismissal on this basis, as well.

Finally, plaintiff appears to attempt to name an indeterminate number of fictitious parties. Generally, fictitious parties cannot be named as defendants in a civil action. *Phelps v. United States*, 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is

unknown, however, if the complaint makes sufficiently specific allegations to permit identification of the party after reasonable discovery. *Munz v. Parr*, 758 F.2d 1254, 1257 (8th Cir. 1985). Here, plaintiff has failed to make specific allegations as to the fictitious parties such that their identities could be ascertained after reasonable discovery. Therefore, this action cannot proceed against them. In addition, plaintiff does not allege that any of the fictitious parties engaged in any wrongdoing. As noted above, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell*, 909 F.2d at 1208; *see also Martin*, 780 F.2d at 1338.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $14.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 30th day of July, 2018.

/s/ Stephen N. Limbaugh, Jr.
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE